UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 15-60-HRW

DIVERSICAIRE LEASING CORP. d/b/a
WURTLAND NURSING & REHABILITATION CENTER
and
DIVERSICAIRE HEALTHCARE SERVICES, INC.,        PLAINTIFFS,

v.        MEMORANDUM OPINION AND ORDER

MARY JANE ALLEN, Administratrix of the
ESTATE OF BENNY BOWENS,        DEFENDANT.

This matter is before the Court upon Plaintiffs' Motion to Compel Arbitration and Enjoin Defendant [Docket No. 5]. The motion has been fully briefed by the parties [Docket Nos. 5-1, 6, 7 and 11]. For the reasons set forth herein, the Court finds that the arbitration agreement which forms the basis of this lawsuit must be honored.

I.

On April 4, 2014, Benny Bowens executed an Ohio Health Care Power of Attorney ("POA"), naming Mary Jane Allen as his agent authorized to make health care decisions and, as described herein, various other decisions on his behalf. [Docket No. 5-4].

The authority granted to Ms. Allen in the POA includes, but is not limited to, the power to do the following:

> "To execute for me any releases or other documents that may be required in order to obtain medical and related information."
>
> "To execute consents, waivers, and releases of liability for me and for my estate to all persons who comply with my agent's instructions and decisions."
>
> "To select, contract for my admission to, transfer me to, or authorize my discharge from any medical or health care facility, including but not limited to, hospitals, nursing homes, assisted living facilities, hospices, adult homes and the like."
>
> "To complete and sign for me . . . consents to healthcare treatment . . . and any other document desirable to implement health care decisions that my agent is authorized to make pursuant to this document."

*Id.*, pg. 4-5.

A month later, Ms. Allen executed admissions documents both on behalf of herself personally and on behalf of Benny Bowens in connection with Mr. Bowens's admission to Wurtland Nursing & Rehabilitation Center ("Wurtland"). [Docket No. 5-5]. The Admission Agreement contains an Addendum, also executed by Ms. Allen personally and on behalf of Mr. Bowens. That Addendum, also titled "Arbitration Agreement," provides for any claims arising out of the Admission Agreement or related to Mr. Bowens's medical care at Wurtland to be resolved exclusively through binding arbitration. The Agreement expressly states that it was made between Wurtland, Mr. Bowens, and his Authorized Representative, both in her individual capacity and on behalf of Mr. Bowens. The Arbitration Agreement further specifies that "The Resident's Authorized Representative agrees to be bound by this Agreement as a party, both as a representative of the Resident and in an individual capacity." *Id.*, pg 1.

2

Pursuant to the Arbitration Agreement, the parties agreed "that any legal dispute, controversy, demand, or claim that arises out of or relates to the Resident Admission Agreement or is in any way connected to the Resident's stay at the Facility shall be resolved exclusively by binding Arbitration and not by a lawsuit or resort to other court process." *Id.* The Agreement expressly included the following:

> any claim for payment, non-payment, or refund for services rendered to the Residency by the Facility, claims arising out of State or Federal law, claims based upon breach of contract, breach of fiduciary duty, violation of rights, fraud, or misrepresentation, common law or statutory negligence, gross negligence, malpractice, abuse, neglect or any other claim based on any departure from accepted standards of medical or nursing care, whether such claims be for statutory, compensatory, or punitive damages, and whether arising in the future or presently existing.

*Id.*, pg. 2.

Directly above Ms. Allen's signature in her capacity as the Representative of Mr. Bowens, the Arbitration Agreement emphasized:

> **The Parties acknowledge that we have read this entire Agreement and we understand and agree that by entering into this Arbitration Agreement we are giving up and waiving our Constitutional rights to have any claim or dispute that falls within the scope of this agreement decided in a court of law before a judge and jury.**
> **By signing as the Resident's Representative, I acknowledge that I am either the Resident's court-appointed guardian, attorney-in-fact with authority to execute this Arbitration Agreement, or <u>I have been expressly and fully authorized by the Resident to execute this Arbitration Agreement</u>.**

*Id.,* pg. 5 (emphasis in original).

3

The Arbitration Agreement also states that Ms. Allen and Mr. Bowens had the right to consult with an attorney prior to signing the agreement. *Id.*, pg. 4. The Agreement further states that Ms. Allen or Mr. Bowens could rescind the Agreement by providing written notice to the facility within 30 days. *Id.* Neither Ms. Allen nor Mr. Bowens provided such notice after Ms. Allen signed the Agreement.

On July 21, 2015, in disregard of the terms of the Arbitration Agreement, Ms. Allen filed an action in the Greenup Circuit Court seeking money damages for alleged injuries to Mr. Bowens arising out of his residency at Wurtland Nursing & Rehabilitation Center (the "State Court Action").

Plaintiffs allege that Ms. Allen has refused to arbitrate her claims. Therefore, they brought this petition under § 4 of the Federal Arbitration Act. Plaintiffs now move this Court to compel arbitration and enjoin the proceedings in the State Court Action.

## II.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "manifests a liberal federal policy favoring arbitration agreements." *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624, 626 (6th Cir.2004) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)) (internal quotation marks omitted).

Under the FAA, when contracts contain arbitration clauses, federal courts "are to examine the language of the contract in light of the strong federal policy in favor of arbitration," and are required to resolve any ambiguities in the agreement or doubts as to the parties' intentions in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000); *see also AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d

648 (1986) (explaining that when a "contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be in favor of coverage.") (internal citations and quotation marks omitted).

Before compelling an unwilling party to settle a dispute by arbitration, the Court must apply a two-part test "to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties, and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003). The Sixth Circuit has recognized hat even when applying state-law principles of contract interpretation, " 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.' "

*Bratt Enterprises, Inc.,* 338 F.3d at 613 (*quoting Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 475–76, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). The court then "shall order arbitration upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." *Rent–A–Center,* 130 S.Ct. at 2776 (quoting 9 U.S.C. § 4).

Finally, in evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment." *Kovac v. Superior Dairy, Inc.,* 930 F.Supp.2d 857, 864 (N.D.Ohio 2013). Therefore, the party opposing arbitration bears the burden of "showing a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v.*

5

*Simons*, 288 F.3d 878, 889 (6th Cir.2002).

### III.

In denying the validity of the arbitration clause, Defendant argues that the power of attorney given to Ms. Allen is not broad enough to have given Mary Jane Allen authority to sign an arbitration agreement for Benny Bowens' personal injury claims. In support of her argument, Defendant relies upon *Extendicare Homes, Inc. v. Whisman*, 478S.W.3d 306, (Ky. 2015), *as corrected* (Oct. 9, 2015), *rehearing denied* (Feb. 18, 2016), *petition for Certiorari filed* (July 1, 2016). In *Whisman*, the Kentucky Court held that a POA granting the power to "institute or defend suits concerning my property rights" did not confer authority to enter into a pre-dispute arbitration agreement because arbitration is not a "suit" as the term is commonly understood, but rather a process designed to avoid suits. *Id.* at 323.

As *Whisman* painstakingly percolates through the federal judicial system, federal Court in Kentucky have held on several separate occasions that *Whisman* violates the Federal Arbitration Act. *See, Brandenburg Health Facilities, LP v. Mattingly*, 2016 U.S. Dist. LEXIS 79729 (W.D. Ky. June 20, 2016), *Diversicare Highlands, LLC v. Lee*, 2016 U.S. Dist. LEXIS 80905 (W.D. Ky. June 21, 2016) and *Preferred Care of Del., Inc. v. Estate of Hopkins*, 2016 U.S. Dist. LEXIS 81620 *11 (W.D. Ky. June 22, 2016).

For example, in *Brandenburg*, the District Court declined the apply *Whisman* "to the extent that it conflicts with U.S. Supreme Court precedent by treating an agreement to arbitrate differently than any other contract." 2016 U.S. Dist. LEXIS at *13. The Court explained that, despite *Whisman*'s holding that a power of attorney must expressly grant the authority to enter into an arbitration agreement, "[t]he FAA's purpose . . . is to place arbitration agreements upon the same

6

footing as other contracts." *Id.* at *12 (internal quotation omitted). Thus, as *Whisman* violated the FAA and United States Supreme Court precedent, the Court found that the arbitration agreement signed in connection with the decedent's admission to a nursing home was enforceable.

Likewise, in *Hopkins*, the Court again found that "[a]pplying *Whisman* to invalidate the arbitration agreement signed by Decedent's husband would run afoul of the FAA." Because *Whisman* contravened the FAA, the Court declined to apply its rule regarding the authority required to enter into arbitration agreement and enforced the arbitration agreement signed in connection with the decedent's admission to a nursing home. 2016 U.S. Dist. LEXIS at *12.

Moreover, *Whisman* may not have any relevance in this instance. The POA in this case differs from the wording of the POAs in *Whisman* in at least one important way: As noted repeatedly by the Kentucky Supreme Court in *Whisman*, the Court in that case was concerned about the fact that there was not an express reference in the Power of Attorney denoting the ability of the attorney-in-fact to enter into waivers of rights. However, in this case, the POA *expressly* gave Ms. Allen the authority to execute consents, waivers, and releases of liability.

Although Defendant attempts to minimize the authority granted to Ms. Allen in the power of attorney document at issue in this case by relying on the title of the document, the authority granted to her far exceeded that of a health care surrogate with authority to make only health care decisions. As set forth in Plaintiffs' Motion to Compel Arbitration, the power of attorney document at issue in this case expressly gave Ms. Allen the authority to execute consents, waivers, and releases of liability.

The Court finds that Ms. Allen, individually and as attorney-in-fact for Benny Bowens, entered into a valid Arbitration Agreement. The Arbitration Agreement is neither unconscionable nor against public policy and, therefore, must be enforced. Further, the Arbitration Agreement

encompasses the very claims Defendant has asserted against Plaintiffs in the State Court Action.

Having found that Defendant must submit her claims to arbitration, the question remains whether this Court should enjoin her from pursuing her parallel action in state court. The Court finds that such an injunction is necessary, and the Defendant is enjoined from proceeding in Greenup Circuit Court. "Although the FAA requires courts to stay their own proceedings where the issues to be litigated are subject to an agreement to arbitrate, it does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Companies, Inv. v. Simmons*, 288 F.3d 878, 893 (6th Cir. 2002) (internal citations omitted). For this reason, "the District Court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally, including the Anti Injunction Act." *Id*. Pursuant to the Anti–Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

An injunction in this case "properly falls within the exception for injunctions 'necessary to protect or effectuate [this Court's] judgments.' " *Great Earth*, 288 F.3d at 894. The Court has determined that the parties entered into a binding arbitration agreement covering the scope of Defendant's claims. Having made such a determination and compelling him to submit to arbitration, it is necessary to enjoin Defendant from pursing his claims in any alternative forum, including state court. Otherwise, she would be permitted to circumvent her arbitration agreement and in doing so, circumvent this Court's judgment that she be compelled to arbitrate his claims. Accordingly, the Court will order that Defendant be enjoined from proceeding with her pending state-court action.

## IV.

A valid and binding arbitration agreement was executed. This matter must be referred to arbitration.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Plaintiffs' Motion to Compel Arbitration and to Enjoin Defendant [Docket No. 5] be **SUSTAINED**;

(2) Defendant shall prosecute all of her claims arising out of Benny Bowen's residency at Wurtland Nursing & Rehabilitation Center in accordance with the terms of the arbitration agreement ; and

(3) that this matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

This Court will retain jurisdiction over this matter for the purpose of enforcing any arbitration award.

This _18th_ day of August, 2016.



Signed By:
_Henry R. Wilholt, Jr._
United States District Judge